UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| ex rel. WALTER M. DRAKE, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | 3:94-cv-963 (WWE) |
| | : | |
| NSI, INC., f/k/a NORDEN SYSTEMS, INC. | : | |
| and UNITED TECHNOLOGIES | : | |
| CORPORATION, | : | |
|    Defendants. | : | |

## RULING ON DEFENDANTS' MOTION FOR LEAVE TO APPEAL

On August 26, 2010, the Court granted relator Walter M. Drake's motion for reconsideration and permitted Drake to reinstate his third claim for relief (Doc. #230). Defendants Norden Systems, Inc. and United Technologies Corporation ("UTC") now move for leave to appeal the Court's ruling pursuant to 28 U.S.C. § 1292(b).

## BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's August 26 ruling and the Court's previous rulings. On September 17, defendants filed their motion (Doc. #233) arguing that an immediate appeal pursuant to 28 U.S.C. § 1292(b) of the Court's ruling would be expedient and aid judicial economy. For the reasons that follow, the Court will deny defendants' motion.

## DISCUSSION

Appeals of interlocutory orders are controlled by 28 U.S.C. § 1292(b). A court should issue a certificate of appealability permitting an interlocutory appeal when the court is "of the opinion that [the court's] order involves a controlling question of law as to

1

which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b).

Leave to appeal under section 1292(b) is warranted only in "exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Consub Del. LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 308-309 (S.D.N.Y. 2007). Such an appeal "is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases." Levine v. Levine (In re Levine), 2004 U.S. Dist. LEXIS 6025, at *2 (S.D.N.Y. Apr. 9, 2004). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. See, e.g., Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995). When issuing a certificate of appealability, the court also has the discretion to stay the proceedings; such stay is not automatic, however.

A "question of law" is "pure" when the reviewing court could decide it "quickly and cleanly without having to study the record." In re WorldCom, Inc., 2003 U.S. Dist. LEXIS 11160, *29 (S.D.N.Y. June 30, 2003). A matter is controlling where a reversal of the district court's order would terminate the action. Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).

Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong. Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Similarly, simply because a question is particularly difficult

2

does not mean that there is a difference of opinion.  See Ntsebeza v. Daimler A.G. (In re South African Apartheid Litig.), 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009) ("Interlocutory appeal is ... not intended as a vehicle to provide early review of difficult rulings in hard cases.").  Rather, this element may be met by a showing that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit.  Consub Del., 476 F. Supp. 2d at 309.

Finally, the third prong is met where an intermediate appeal would advance the ultimate termination of a litigation or if the appeal would advance the time to trial or shorten the trial.  Transportation Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth., 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).

Defendants seek to appeal the Court's holding that the word "claims" under FERA § 4(f)(1) referred to cases.  In so holding, the Court relied on the Second Circuit Court of Appeals' decision in United States ex rel. Kirk v. Schindler Elevator Corp., 601 F.3d 94, 113 (2d Cir. 2010).  The Court recognized that the Kirk decision resolved the definition of the word "claims" "without significant discussion."  See also United States ex rel. Pervez v. Beth Isr. Med. Ctr., 2010 U.S. Dist. LEXIS 94858, *16-17 n.38 (S.D.N.Y. Sept. 13, 2010) (relying on Kirk and noting disagreement among courts on the issue).  The Supreme Court recently granted certiorari in Kirk, but not on the question of the definition of "claims."  See Schindler Elevator Corp. v. United States ex rel. Kirk, 2010 U.S. LEXIS 5753 (Sept. 28, 2010) (question presented: "Whether a federal agency's response to a Freedom of Information Act request is a 'report ... or investigation' within the meaning of the False Claims Act public disclosure bar, 31 U.S.C. § 3730(e)(4).").

This Court believes that upon more briefing, the Court of Appeals may revisit its holding in Kirk. This case at this juncture, however, is not the appropriate vehicle for doing so. Although the Court agrees that there is substantial ground for difference of opinion on the issue and that it is a controlling question of law, immediate appeal would not materially advance the ultimate termination of this litigation.

Should the Court permit defendants to appeal, a panel of the Court of Appeals would address the definition of claims and would rely on the definition set forth in Kirk because one panel cannot overrule the holding of a previous panel. See United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004) ("But we are not the first panel to address this issue and are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court."). Then, the Court of Appeals, if it so desired, would convene en banc to address the relevant question and decide whether or not to overturn the holding in Kirk. In the meantime, however, the case would be stayed before this Court. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("[T]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

The Court's hesitancy in granting the relief requested is that the question is not dispositive of the case. Regardless of how "claims" is defined, there are other claims pending in this case that must be resolved. The interests of justice and this litigation would be better served by permitting this case to proceed before this Court and allowing defendants to appeal after resolution of the case, if appropriate. See Koehler v. Bank

4

of Bermuda, 101 F.3d 863, 865-866 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."). This is especially so given how long this case has been pending and the delay that appeal would bring. At that resolution of the case before this Court, there could be one appeal of all pending issues, instead of an appeal now and appeal later. Therefore, the Court will deny defendants' motion for leave to appeal.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for leave to appeal (Doc. #233).

Dated at Bridgeport, Connecticut, this 21st day of October, 2010.

/s/
Warren W. Eginton
Senior United States District Judge