UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
ex rel. WALTER M. DRAKE,
    Plaintiff,

v.

3:94-cv-963 (WWE)

NSI, INC., f/k/a NORDEN SYSTEMS, INC.
and UNITED TECHNOLOGIES
CORPORATION,
    Defendants.

## MEMORANDUM OF DECISION ON MOTION TO DISMISS
## THE FIFTH AMENDED COMPLAINT

In this action, relator Walter Drake asserts that defendant NSI, Inc. violated the Fair Claims Act by knowingly presenting false periodic progress bills for payment and making false statements material to false claims in order to obtain payment of such claims in violation of 31 U.S.C. § 3729(a)(1) (count one), and knowingly using false statements to conceal, avoid or decrease paying money to the government in violation of 31 U.S.C. §§ 3729(a)(1) and 3729(a)(7); and that United Technologies Corporation ("UTC") violated section 3729(a)(1) by knowingly making false statements that were material to NSI's false progress bills (count three). In counts four and five, Drake asserts common law causes of action for unjust enrichment and constructive trust.

Defendants have filed a motion to dismiss the Fifth Amended Complaint. Defendants also move to strike certain allegations that they assert have already been dismissed.

Plaintiff agrees that counts four and five should be dismissed but otherwise opposes the motion to dismiss. For the following reasons, the motion to dismiss will be

denied with the exception of the dismissal without prejudice of counts four and five.

## BACKGROUND

The underlying factual allegations and protracted procedural history are set forth in the Court's previous rulings. The Court assumes familiarity with such rulings and incorporates the background herein.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (applying flexible "plausibility standard" to Rule 8 pleading).

### Failure to Plead with Particularity

Defendants assert that counts one, two and three alleging violation of the FCA are not pleaded with sufficient particularity to satisfy Federal Rule of Civil Procedure Rule 9. Defendants fault the allegations for failing to identify a single false progress bill,

to provide adequate details about the alleged scheme, or to identify any falsity in UTC's Present Responsibility Agreement reports.

In order to satisfy the pleading standard for allegations of fraud pursuant to Federal Rule of Civil Procedure 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). Plaintiffs may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: (1) to ensure that a complaint provides defendant with fair notice of the plaintiffs' claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

Relator Drake counters that prior rulings by this Court and the Court of Appeals have held that the first and second counts are sufficiently pleaded with particularity to satisfy Rule 9. The Court agrees that both the rulings by this Court and the Court of Appeals have affirmed that the first and second counts satisfy Rule 9. Further, upon review of the merits of counts one and two, the Court finds that Drake has met the heightened pleading requirement. He has asserted a government contracting fraud scheme and that every bill submitted to the government reflected an inflated overhead increment. These allegations reflect the requisite indicia of reliability that satisfies Rule 9 without pleading each specific false bill. See United State ex rel Clausen v. Lab Corp.

Of Am., Inc., 290 F.3d 1301, 1311 (11th Cir. 2002).

As to the third count, the Court also finds that it is pleaded with the requisite particularity. Drake asserts that UTC knowingly made or caused to be made false statements in its reports to the government pursuant to its Present Responsibility Agreement, and that such statements were material in causing the government to pay false claims submitted by NSI or not to seek to recoup past false claims already paid.

The complaint alleges specific officers of UTC who had knowledge of the ongoing fraud and that non-disclosure of such fraud occurred in each of its Present Responsibility Agreement reports made between 1992 and 1994. Accordingly, defendant UTC has adequate notice of the claim against it. Further, the allegations are grounded in specifics so that this Court is satisfied that Drake is not asserting a strike suit or seeking improvident charges against UTC.

### Failure to Plead Falsities and Actionable Omissions in Present Responsibility Agreement To State A Claim Pursuant to Section 3729(a)(1)(B)

Defendants assert that relator has failed to state a claim under section 3729(a)(1)(B), which requires that a false statement be both material and a pre-requisite to payment of a claim. UTC maintains that Drake has failed to allege that UTC even had an affirmative obligation to report violations of regulations and that the Present Responsibility Agreement does not support such a finding.

As to the false statements, section 3729(a)(1)(B) imposes liability when a party "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim." A statement "material" to a false claim has "a natural tendency to influence, or be capable of influencing, the payment or receipt of

4

money or property." U.S. ex rel. Kirk v. Schindler Elevator Corp., 601 F.3d 94, 116 (2d Cir. 2010)

Here, the complaint alleges that UTC "represented that it would monitor carefully Norden's government contracting practices and would report on a quarterly basis any matters that might affect Norden's present responsibility status" and that UTC had "represented that it would report to the Government any conduct by Norden in violation of government contracting regulations or contract certifications." Further, the Present Responsibility Agreement was amended in 1992 to include a catchall requirement that UTC report quarterly any matter affecting UTC's present responsibility status.

The complaint alleges further that "had UTC submitted accurate Present Responsibility Agreement reports, the government would have paid Norden future false claims and would have required repayment of Norden's past false claims already paid."

Construing the inferences of fact most favorably to plaintiff for purposes of ruling on this motion to dismiss, the Court finds that the Present Responsibility Agreement does require that UTC report contracting violations to the government. Further, the complaint sets forth the grounds upon which the claim rests through factual allegations sufficient to raise a right to relief above the speculative level. Accordingly, the Court will deny the motion to dismiss.

**Motion to Strike**

Defendants assert that certain allegations should be stricken from the complaint because these allegations relate to claims that have previously been ruled as not actionable.

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion, a

court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because pleadings are to be construed liberally, motions to strike generally are not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation. Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979).

Relator maintains that these allegations have been included to describe the asserted fraudulent scheme and a basis for scienter. Indeed, the Second Circuit observed that relator may attempt to establish scienter "by reference to documents that are not themselves actionable." Drake v. Norden Systems, Inc., 320 Fed. Appx. 1, 3 (2d Cir. 2009). The allegations that defendants now seek to strike concern defendant's deliberate submission of false Disclosure Statements, failure to comply with certain accounting standards, and concealment of billing misconduct. The Court will allow inclusion of these allegations for such purpose and leave relator to his proof.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss (doc. # 241) with the exception of the consented to dismissal without prejudice of counts four and five. Drake is instructed to file an amended complaint within ten days of the filing of this ruling.

Dated at Bridgeport, Connecticut, this 15 day of June, 2011.

Warren W. Eginton
Senior United States District Judge